UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHN ELLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF EL DORADO, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-00823-JDP (PC)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN *FORMA PAUPERIS*;<br><br>&<br><br>(2) GRANTING PLAINTIFF'S REQUEST FOR WITHDRAWAL OF HIS AMENDED COMPLAINT<br><br>ECF Nos. 2 & 11<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>  (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR<br><br>  (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff alleges that defendants County of El Dorado, El Dorado County Superior Court, and the Clerk of Court for that same superior court violated his rights by erroneously issuing a

1

warrant for his arrest. ECF No. 1 at 5. These allegations are not, as articulated, cognizable. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, and his motion to withdraw his amended complaint, ECF No. 11. In weighing his claims, I have considered only his original complaint.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that defendants violated his rights by arresting him pursuant to an erroneous warrant issued by the El Dorado County Superior Court and its clerk of court. The court and its clerk, however, are immune from suit under section 1983. The superior court is an arm of the state and, therefore, not a "person" within the meaning of section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."). The clerk of court is also a non-viable section 1983 defendant. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

And plaintiff's claims against the County of El Dorado are also non-cognizable. To state a claim for unlawful arrest or false imprisonment under the Fourth Amendment, a claimant must allege that the arresting officers lacked facts and information "sufficient to warrant a prudent man in believing that the [person] had committed or was committing an offense." *United States v. McCarty*, 648 F.3d 820, 838 (9th Cir. 2011) (quoting *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005)). Here, plaintiff alleges that the county and its officers arrested him pursuant to a warrant that was wrongly issued by the county superior court. ECF No. 1 at 5. Based on the limited allegations here, plaintiff has provided no basis on which a reasonable person in possession of such a warrant could conclude that that there were insufficient facts or information to justify the arrest. He may amend his complaint to add additional allegations that demonstrate that the arresting officers lacked the information to arrest him.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint"

and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

    Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's motion to withdraw his amended complaint, ECF No. 11, is GRANTED.

3. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order may result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   October 7, 2022                                      
                                       JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE