UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS, | Case No.  2:22-cv-00823-JDP (PC) |
| Plaintiff, | SCREENING ORDER THAT PLAINTIFF: |
| v. | (1) PROCEED ONLY WITH HIS FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT ANDY LITZIUS |
| COUNTY OF EL DORADO, *et al.*, | |
| Defendants. | (2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
| | ECF No. 16 |
| | THIRTY-DAY DEADLINE |
| | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT |
| | ECF No. 17 |

Plaintiff, proceeding *pro se*, alleges that defendant Andy Litzius, a Placerville police

officer, violated his rights by arresting him on a warrant that had been recalled.  He also claims

that Litzius used excessive force during the arrest by tasing him after his hands were up.  Finally,

plaintiff alleges that after he was released Litzius continued to harass him by arresting him for

problems "unrelated to criminal activity."  ECF No. 16 at 7.  Plaintiff's excessive force claims are

suitable to proceed; his others are not.  He may either proceed only with his excessive force claim

or delay service and file another amended complaint.  I will deny plaintiff's motion for extension

1

1  of time as moot, ECF No. 17, since his amended complaint is timely filed.

2  **Screening Order**

3  **I.      Screening and Pleading Requirements**

4  A federal court must screen the complaint of any claimant seeking permission to proceed

5  *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

6  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

7  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

8  relief. *Id.*

9  A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26

27

28

2

1        **II.      Analysis**

2            Plaintiff alleges that on an unspecified date the El Dorado County Superior Court issued a

3     warrant for his arrest.  ECF No. 16 at 5.  Plaintiff was arrested, taken before a superior court

4     judge, and the warrant was to have been recalled at the termination of those proceedings.  *Id.*  Due

5     to an error, however, the warrant remained active.  *Id.*  At some point after plaintiff's release, he

6     was detained by defendant Litzius based on the still-active warrant.  *Id.*  During the arrest,

7     plaintiff alleges that Litzius used excessive force against him by tasing him after his hands were

8     raised.  *Id.* at 6.  Finally, plaintiff alleges that after he was released again and the warrant was

9     recalled Litizius continued to harass him by arresting him on certain unspecified occasions based

10    on pretexts.  *Id.* at 7.

11           Plaintiff's allegations regarding the invalidity of his warrant are insufficient to state a

12    claim against Litzius.  The Fourth Amendment prohibits a government official from detaining a

13    person without probable cause.  *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017).

14    "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy

15    information sufficient to lead a person of reasonable caution to believe that an offense has been or

16    is being committed by the person being arrested."  *United States v. Lopez*, 482 F.3d 1067, 1072

17    (9th Cir. 2007).  Here, plaintiff appears to concede that an error in discharging the warrant caused

18    it to appear as active to Litizius.  Thus, a person of reasonable caution would have had reason to

19    believe that plaintiff had committed an offense.

20           The allegations of excessive force, by contrast, are suitable to proceed.  Plaintiff alleges

21    that, despite having his hands raised in a non-threatening position, Litizius tased him.  ECF No.

22    16 at 6.  Construed liberally, these allegations are viable.  There are no "per se rules in the Fourth

23    Amendment excessive force context" and the fact-intensive determination of whether the use of

24    force was reasonable weighs in favor of allowing this claim to proceed past screening.  *Mattos v.*

25    *Agarano*, 661 F.3d 433, 441 (9th Cir. 2011).

26           Finally, plaintiff's claim that Litzius harassed him on other occasions is insufficiently

27    plead.  These allegations do not include factual context.  It is impossible even to tell how many

28    instances of harassment are at issue.  Thus, these claims do not meet federal pleading standards.

1   *See Marino v. Classic Auto Refinishing, Inc.*, 37 F.3d 1354, 1357 (9th Cir. 1994) ("The purpose

2   of notice pleading is to give the defendant fair notice of what the plaintiff's claim is and the

3   grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S.

4   Ct. 99 (1957)).

5       Plaintiff may either proceed only with the cognizable claim identified above or he may

6   delay service and file an amended complaint.  If plaintiff decides to file an amended complaint,

7   the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693

8   F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to

9   be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.

10  Once an amended complaint is filed, the current complaint no longer serves any function.

11  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each

12  claim and allege each defendant's involvement in sufficient detail.  The amended complaint

13  should be titled "Second Amended Complaint" and refer to the appropriate case number.

14       Accordingly, it is ORDERED that:

15       1. Within thirty days from the service of this order, plaintiff must either advise that he

16  wishes to proceed only with his Fourth Amendment excessive force claim against defendant

17  Litzius or delay service and file an amended complaint.

18       2. Failure to comply with this order may result in the dismissal of this action.

19       3. The Clerk of Court is directed to send plaintiff a complaint form.

20       4.  Plaintiff's motion for extension of time, ECF No. 17, is DENIED as moot.

21

22  IT IS SO ORDERED.

23

    Dated:   February 22, 2023                    _____

24                                                JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                                  4