UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS,<br><br>           Plaintiff,<br><br>v.<br><br>COUNT OF EL DORADO, et al.,<br><br>           Defendants. | No. 2:22-cv-00823-DJC-JDP<br><br><br>ORDER |

Plaintiff brought this action based on allegations that he was subject to excessive force during an arrest in violation of his Fourth Amendment rights.  On December 10, 2024, Defendant filed a Motion for Summary Judgment. (ECF No. 46.) Plaintiff did not file an opposition to that Motion, and Magistrate Judge Jeremy D. Peterson issued an order directing Plaintiff to show cause why the matter should not be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 48.) Plaintiff did not respond to that order.  Judge Peterson then issued Findings and Recommendations, recommending that this action be dismissed for failure to prosecute and failure to comply with Court orders. (ECF No. 49.) Plaintiff did not file objections to those Findings and Recommendations.  On April 21, 2025, the Findings and Recommendations were adopted by the undersigned, and this action was dismissed. (ECF No. 50.)

Plaintiff has now filed two motions to re-open this action. (ECF Nos. 52, 54.) The Court construes these as motions to reconsider the Court's order dismissing this case. Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3).

Plaintiff does not identify a valid basis for reconsideration in either motion. Plaintiff asserts that his failure to prosecute this action and comply with court orders was due to a mistake in not updating his address. However, this is not the first time Plaintiff has been warned about his failure to prosecute; prior to this case's dismissal, Judge Peterson issued three orders to show cause in this action based on Plaintiff's failure to prosecute and comply with court orders. (ECF Nos. 15, 21, 48.) Judge Peterson also previously issued Findings and Recommendations recommending dismissal on the same grounds that he ultimately vacated when Plaintiff reappeared. (ECF Nos. 22, 24.) Plaintiff was thus well aware of the possible consequences for failing to prosecute his case, meet necessary deadlines, and reply to court orders. Moreover, Plaintiff was required by the Local Rules to advise the Court of his address. Local Rule 183(b). Plaintiff was notified of this requirement at the outset of the case. (ECF No. 4-1 at 2.) Plaintiff's failure to comply with his obligations to advise the Court of his address does not constitute a valid basis for reconsideration under Rule 60(b).

Accordingly, Plaintiff's motions to re-open (ECF Nos. 52, 54) are DENIED. No further filings shall be accepted in this closed matter.

IT IS SO ORDERED.

Dated:   **October 1, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2